Good morning, Your Honors. Martin Guajardo on behalf of Pedro Luis Cisneros-Perez. Judge Berzon, you asked... We were instructed to pay heed to the arguments that were made, so we wouldn't repeat them again. On the crime of violence, it's my understanding that you weighed that. That you didn't argue the question whether a battery under 242 can be categorically a crime of violence because it allows a conviction on insufficient mens re. It's my understanding that you weighed that. That's what counsel... So you're just on the domestic relations, is my understanding here. Well, at least that's what counsel for the government argues. I didn't quite see our brief as waiving the issue of the crime of violence because the interest... The question is whether it raised it, not whether it waived it. Did it raise it? It results in waiving it, but did it raise it? It's the statement of the issues at page 3 of our opening brief. We look at the 237A2AEI with regards to the crime of violence. All right. But did you argue anything having to do with the fact that it wasn't violent as opposed to it wasn't domestic? Well, I think that what I... You argue a lot about a petty offense exception, but that doesn't apply to this category, so that's not relevant. And... I think Your Honor had asked prior counsel as to Singh v. Ashcroft. And I think if we look at what Singh v. Ashcroft provided to us is it essentially tells us if we're looking at 18 United States Codes, 16A or 16B, first of all, in this case, we're looking at a misdemeanor. So it's not 16B. We're looking at 16A. And then I think in Singh v. Ashcroft, I think the Court pointed out to us that 500 years ago, we have the definition of what is a simple battery. And the Court in its decision discusses or at least sets forth that the least touching of another person willfully or in anger is a battery and essentially rests on that. In Singh v. Ashcroft, we found that the Oregon harassment statute... But you really don't raise this issue in your brief. You really don't. You've got to argue it, too. Let's suppose... And you didn't argue it in the brief. You refer to this thing, but let's get to the domestic, because if you went on the domestic, it's the same thing, isn't it? All right. I mean, to go back to remand and then they hear whether they should get a cancellation of removal. Isn't that what this is about? It is. Okay. So what is there in the record to show that this was, this 242 conviction, was a conviction of domestic? I think if we look at the excerpts of record, we're going to find that the complaint that was initially filed sets forth three counts. And that complaint is in Exhibit E, page 19. Page what? 19. 19. Hold on. And so we find that the, here in San Francisco, the district attorney's office looks at the initial one, count 1, 273.5A, SACA, the 243E1, and the last one is the Section 591. Clearly, we all know that what transpired in criminal court, notwithstanding that the immigration judge was not interested in obtaining transcripts, we know that it was, let's make a deal and let's move the cases through. And what they ultimately decided was, let's go ahead and let him plead to a 242. Did they issue another complaint? We don't know, because it's not part of the record. The judge wasn't interested in anything else. He found a docket page and said, look, we gave him 52 weeks of classes for domestic violence. End of story. I have what I consider to be a 242, and it's a domestic violence. Well, suppose my client had fled to a 591. Would this court here be today looking at this case and saying, well, the 591 constitutes a crime of domestic violence because what he did was tore out the telephone off from the wall? I don't think so. I don't think any of us are prepared here, whether we look at it a categorical or modified categorical approach, to conclude that a simple battery in the State of California constitutes a crime of domestic violence, regardless of who the victim was. Because the 591, if we're looking at page 19, the 591 has nothing. There is no victim. He tore off the phone. He cut the wires. He tore it off the wall. Are we going to conclude that because of circumstances surrounding the charge, the charges that were made and ultimately dismissed because he had 52 weeks of domestic anger management, that we're now going to say, well, you know, even though we don't know who the victim was, it's still this 591. In some way, we're going to bootstrap it and make it into a, what immigration would call a 23782E. Well, where in the record is it about pulling out the telephone? I mean, pulling out the telephone is not a battery. It's not, but there was a choice there. There was someone made. Okay, but pulling out the telephone, even under anything, that pulling out the telephone, I can batter Judge Berzon. I cannot batter the telephone. All right? That would never be, that would never, that's not a battery. It seems to me that what was required here when the defense counsel approached this issue, what they looked at was what can we find, what can we fashion as a remedy for this individual who's a noncitizen? What is that remedy? And the remedy was, well, take a look at an offense that has a general intent. It's not a specific intent. It's a general intent. It's a 242. It's a simple battery. If they had looked down, further down the page of the complaint, could have taken a look at count one. They were still going to give them the 52 weeks of anger management, but it would have been the telephone. So at this point, I'm looking at this case and saying, we have a 242. Someone made a decision that that was the simplest way to go around the problem that we had here. Everyone has their reasons. Defense counsel and prosecution had their reasons for proceeding the way they did. I think that if we, Your Honor indicated earlier, the California case on people versus Kolan Sinaki, which is a Supreme Court case from 1994, and I believe the Court also referred to Leocal, I think we need to look at these cases as far as the domestic violence. We need to look at, do we actually have, can we actually bring in other items, other circumstances, other things that's on the four corners of the documents that are not found? Can we bring those items in, whether you apply a modified approach or not? Can you bring them in? I don't think so. And I think even though, even though at, and I believe it's at the notice of, the notice of appeal, well, first I would begin with the decision from the Board of Appeals. What we have for guidance in terms of going forward for an appeal from that decision is simply the Board affirms without opinion the results of the decision below. That's all we get. And then number two, our notice of appeal to the Board essentially said, look at Chang, and that's at 72, Exhibit K, and we requested that the Board look at Chang and say, this Court, the circuit, has held previously, look, it doesn't matter what you put in the pre-sentence report. That's at 307 F. 3rd, 1185. It's a 2002 case. It doesn't matter what you put in the pre-sentence report. If the defense attorneys there and the prosecution, when they were in front of the judge, they said, look, let's get together and let's dispose of this, and even though the amount in Chang was over $10,000, we're not going to find that that person is deportable for having committed an aggravated felony under 101A43, subsection M. Same would hold true if we're looking at the four corners of the document for 242. The 242, four corners of the document simply says it's a simple matter, and I think everything else really should not be what controls these cases. All of these cases should be sent back. I think we're all – I've had an opportunity to discuss with everyone that is here today arguing their case. And it seems that we all are interested in one thing, and that is being able to get back in front of the court to be able to put our – the issue squarely in front of the judge. If we came out of the immigration court and we had a conviction for 242, that's all it is. It's 242. Don't go outside of the document. Singh v. Ashcroft, I think the court went through a full analysis of whether it was – Well, Singh v. Ashcroft, which I've now looked back at – and I was on the panel. I don't remember the details, but there's no mention of the modified categorical approach. I assume that's because it wasn't raised. That's the probable simple explanation, that there was – that the government was relying only on the conviction. The conviction didn't work, and there was no further discussion. I don't think it proves very much. And anyway, you have about half a minute left, which you can either save or use. Thank you for the opportunity, if you're on behalf of your client. It's all. Thank you. Well, this case certainly is like the prior one insofar as we're looking at California 242 as a possible bar of being a domestic violence conviction, a bar to cancellation. Now, what we have in this case is we have an indictment. This is at 81 of the record. Right at the top, it says, complaint, domestic violence. And in the paragraphs, there's one concerning inflicting corporal injury resulting in traumatic condition. It mentions Migali Garcia, then they're the spouse cohabitant of a defendant. And that's count one. And in count two, it talks about using force and violence on the same person, Migali Garcia, spouse or cohabitant. And that's under California 243E1, plus the telephone cord. Now, one thing that's interesting here, Judge Berzin, is this record at AR-74 actually contains a marriage license between Cisneros and Migali Garcia. Now, also at page 83, we see that the plea has been changed to the 242 battery. And again here, the sentence concerns the domestic violence. Is this an anger? Say what count they amended. Can you tell from the record? I have to tell you. Are you looking at that record at 83? Yes. That's kind of hard to do. I have to tell you, it's amazing to me that something as serious as a criminal court would have records that are as difficult to read and understand as they seem to. Yeah. It's really sort of shocking, you know. Yeah, I agree with you. Your visa bill is a heck of a lot easier to read. I'm not really seeing that where it's talking about which charge, you know, which count, unlike in the prior case where one of the counts was specifically referenced. But since the sentence. What it really says, insofar as it says anything. Thank you, Your Honor. The arraignment, it says arraignment. And then it says amended to add a 242 PINO code something or other. So insofar as it suggests anything, it was an additional charge to all the other charges. It doesn't be substituting for any specific one of them. Okay. I got down a little farther. You see that date, August 27, 2003? Right. And then below there, there's an FM 18. Yes. There, it looks like, the judge finds him guilty of the 242 PINO code. The court finds the defendant guilty. I agree with that. All of the remaining counts get dismissed, it looks like. So basically, that confirms that it's additional and it's not a substitute for any one of them. Uh-huh. But, again, I think significantly one of the sentencing provisions is 52 weeks of DV, domestic violence counseling. And, again, that's a requirement for a domestic violence offense under the conditions that I mentioned before. And here we know that the victim was, in fact, a suspect. Let's take Mr. Guarda's example, the count three, the telephone court. Uh-huh. If this guy, in anger, you know, was screaming and yelling at his wife, and he got so angry that he ripped the telephone cord out and was threatening her with that, that might be a good reason to send somebody off to domestic violence counseling, even if he wasn't they couldn't prove that he'd actually committed a battery. Right? Well, they did convict him for battery. I think it's subsumed by that there's a conviction for battery. So you have to assume that one of the elements of, I mean, that's what we're stuck with. I think so. And this was only by way of example that the domestic, that the sentence, just a minute, please, that the sentence doesn't, there's nothing to suggest that that sentence is only appropriate for a domestic violence conviction. Again, I think that this is a reasonable inference situation that would be covered by the substantial evidence test that's as much as I can say on that particular point, Your Honor. Do you agree that the other issue is not in this case, that is, whether this is violence? Well, I think it's, I mean, I think it presents the same, the same issue. If you're discussing violence, I think everything, you know, that was said before during the argument in Ortega would apply. What I'm asking, though, is that procedurally in this case. Procedurally, it doesn't seem to be in this case. It doesn't seem to have been raised. Right. I agree with that. I don't see that in the Petitioner's Brief. Are there any further questions? No. Thank you very much. Thank you, counsel. In this case of Cisneros-Perez v. Gonzalez is submitted, and we are going to take a break for a few minutes. Thank you.
judges: Thompson, Berzon, Callahan